<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PALANI KARUPAIYAN,<br><br>          Plaintiff,<br><br>     v.<br><br>KNIPPER HEALTH, *et al.*,<br><br>          Defendants. | Civil Action No. 22-02557 (GC) (RLS)<br><br>**MEMORANDUM OPINION** |

<u>**CASTNER, District Judge**</u>

This matter comes before the Court upon *pro se* Plaintiff Palani Karaupaiyan's Application to Proceed *In Forma Pauperis* together with Plaintiff's Complaint against Defendants Knipper Health and Michael Laferrera. (ECF Nos. 1, 1-3, 1-8.) For the reasons set forth below, and other good cause shown, Plaintiff's Application to Proceed *In Forma Pauperis* is **GRANTED**; however, several claims in Plaintiff's Complaint are **DISMISSED**.

**I.     BACKGROUND**

Plaintiff alleges that Defendants, in failing to hire Plaintiff, discriminated against him based on his age, disability status, color, race, national origin, genetic status, and citizenship status. (ECF No. 1 ¶¶ 200-229 (Counts 1-10).) Plaintiff also brings claims of intentional emotional distress, payroll tax evasion or money laundering, unjust enrichment, tax evasion, immigration fee evasion, and labor certification fee evasion. (ECF No. 1 ¶¶ 230-256 (Counts 11-17).) Each of Plaintiff's 17 claims refers to paragraphs 45, 46, or 47 of the Complaint as setting forth the facts that form the basis of this lawsuit:


45. when Plaintiff Karupaiyan was contacted by Knipper for job after interview, Plaintiff was told American accent that You Black old US citizen is not needed because Knipper wanted to employ young 25 years old Indian engineer for the job Plaintiff applied so they outsourced one job to India and another job was placed an young foreigner. Another lead position they kept on looking profile similar to plaintiff job profile (~age. ~US citizen, ~favoring foreigner, ~outsource)

46. When I requested Knipper to provide me one of the job because Im need job to take care of medicine expenditure of diabetic, lung defect care and I need to pay child support. Knipper told me that Im sick old black Indian and go back to India to work in the offshore development, otherwise they should kill me, go to hell if I look for job. Knipper is not for sick people to work

    Also Knipper said that they should beat the kids if I seek job with Knipper for child support.

47. When I asked Knipper is doing outsource I was replied that Knipper wanted to evade the tax liabilities including Payroll tax evasion, Immigration fee ,Labor certification fee and money laundering and using outsource the money is secretly, untraceably move to India, and secretly untraceably shared by Knipper corporate managers including CEO.

[(ECF No. 1 ¶¶ 45-47 (emphasis omitted).)]

## II.  LEGAL STANDARD

### A.  *In Forma Pauperis*

To avoid paying the filing fee for a civil case in the United States District of New Jersey, a litigant may apply to proceed *in forma pauperis*. In considering applications to proceed *in forma pauperis*, the Court engages in a two-step analysis. *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990).

First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). *Id*. Under Section 1915(a), a plaintiff's application must "state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty." *Simon v. Mercer Cnty.*

*Comm. College*, Civ. No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb 9, 2011) (citing *United States ex rel. Roberts v. Pennsylvania*, 312 F. Supp. 1, 2 (E.D. Pa. 1969)).

Second, the Court determines whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e). *Ball v. Famiglio,* 726 F.3d 448, 452 (3d Cir. 2013). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure [('Rule')] 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

### B. Rule 12(b)(6) – Failure to State a Claim

Although courts construe *pro se* pleadings less stringently than formal pleadings drafted by attorneys, *pro se* litigants are still required to "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### C. Rule 8 – Pleading Requirements

Rule 8 sets forth general rules of pleading and requires (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) allegations that are "simple, concise, and direct." Fed. R. Civ. P. 8(a)(1), (a)(2), (d). The allegations in the complaint must not be "so undeveloped that [they

3

do] not provide a defendant the type of notice of claim which is contemplated by Rule 8." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). Even *pro se* litigants must "comply with the basic pleading requirements of Rule 8(a)." *Purisma v. City of Philadelphia*, 738 F. App'x 106, 107 (3d Cir. 2018).

### III. DISCUSSION

#### A. Application to Proceed *In Forma Pauperis*

It appears from the application that Plaintiff has very few assets and does not have any regular source of income. Plaintiff has shown sufficient economic disadvantage to proceed IFP. *See DiPietro v. Christie*, Civ. No. 15-1441, 2015 WL 1609042, at *2 (D.N.J. Apr. 10, 2015).

#### B. Federal Discrimination Claims

In Counts 1 through 10, Plaintiff seeks relief for discrimination based on age, disability status, color, race, national origin, genetic status, and citizenship status. (ECF No. 1 ¶¶ 200-229.) In support, Plaintiff invokes Title VII of the Civil Rights Act of 1964 (Title VII), the Age Discrimination in Employment Act (ADEA), the American with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), and the Immigration and Nationality Act (INA).

##### 1. Title VII, ADA, & GINA Claims

Before filing suit under Title VII, a plaintiff must exhaust his or her administrative remedies. *Love v. Pullman Co.*, 404 U.S. 522, 523 (1972); *see also Anjelino v. New York Times Co.*, 200 F.3d 73, 87 (3d Cir 1999) (failure to exhaust administrative remedies under Title VII is generally required and is analyzed under Rule 12(b)(6)); *Santiago v. City of Vineland*, 107 F. Supp. 2d 512, 528 (D.N.J. 2000) ("Before instituting an action under Title VII, a plaintiff must timely file his claim with the EEOC and obtain a right to sue letter from the agency."). The ADA and the

4

GINA have the same EEOC exhaustion requirement as Title VII. *See* 42 U.S.C. § 12117(a); 42 U.S.C § 2000ff-6(a); *Itiowe v. NBC Universal Inc.*, 556 Fed. Appx. 126, 128 (3d Cir. 2014) (finding that the ADA requires plaintiffs to pursue administrative remedies before bringing a claim in federal court); *Williams v. City of Chicago*, 616 F. Supp. 3d 808, 813 (N.D. Ill. 2022) ("Before filing an ADA or GINA claim, a plaintiff must file a charge with the EEOC within 300 days of the date of the alleged discriminatory act and receive a 'notice of right to sue' letter.").

Here, Plaintiff alleges that he filed a charge with the Equal Employment Opportunity Commission against Defendants and is "waiting for EEOC to provide the right to sue letter." (ECF No. 1 ¶ 54; *id.* at 39.) In consequence, Plaintiff has not pled that he exhausted his Title VII, ADA, and GINA claims. Those claims are therefore dismissed without prejudice.[1]

  2.  ADEA Claim

The ADEA also requires a plaintiff to exhaust certain administrative steps. 29 U.S.C. § 626(d) (filing with the EEOC is a prerequisite to civil action); *Slingland v. Donahoe*, 542 Fed. Appx. 189, 191 (3rd Cir. 2013) ("The ADEA [like title VII] requires a plaintiff to exhaust all available remedies when she elects to proceed administratively. . . . Failure to exhaust administrative remedies is an affirmative defense . . . [and] is grounds for dismissal on a Rule 12(b)(6) motion."). Unlike Title VII, however, the ADEA permits a plaintiff to sue without first obtaining a right to sue letter from the EEOC. 29 U.S.C. § 626(c)(1); *see Paul v. Tsoukaris*, Civ. No. 13-5891, 2017 WL 1033771, at *6 n.16 (D.N.J. Mar. 17, 2017) ("ADEA applies narrowly to discrimination in the workplace based on age, but does not require exhaustion of administrative

---

[1] These claims as asserted against Laferrera must also fail because "Title VII, the ADEA, and the ADA do not provide for individual liability." *Karupaiyan v. CVS Health Corp.*, 2021 WL 4341132, at *8 (S.D.N.Y. Sept. 23, 2021).

remedies." (citing *Green v. Potter*, 687 F. Supp. 2d 502, 513 n.6 (D.N.J. 2009), *aff'd sub nom. Green v. Postmaster Gen. of U.S.*, 437 F. App'x 174 (3d Cir. 2011))).

To plead an ADEA age discrimination claim based on failure to hire, Plaintiff must show that "(1) he belonged to a protected class," i.e., that he is older than age 40; (2) the defendant failed to hire him; (3) he was qualified for the position in question; and (4) circumstances giving rise to an inference of discrimination accompanied the failure to hire him." *Badger v. City of Phila. Off. of Prop. Assessment*, 563 F. App'x 152, 154 (3d Cir. 2014) (citations omitted).

Here, Plaintiff covers all elements. For the first, second, and fourth elements, Plaintiff alleges that when he applied for two senior-level positions in software engineering with Knipper Health, Knipper Health refused to hire him because, according to an unidentified person at the company, it sought to hire a 25-year-old from India instead of Plaintiff, who is older than age 50. (ECF No. 1 ¶ 35, 41, 43, 45-46, 201, 222.) As to the third element, Plaintiff alleges that he is "skillful to work any software/database/reporting/ bi/bw/ datawarehouse/ gui/.net/sql server/mobile software development /xamarin any and all tool used/need for enterprise business needed without previous experience or without proving training"; "40 time more productive person than any software engineer"; and "eligible by education and expertise, experience to both lead position." (ECF No. 1 ¶¶ 15-16, 43.) Liberally construed, Plaintiff's ADEA claim against Knipper Health may proceed past this stage.

        3.    <u>INA Claim</u>

Plaintiff also claims to have suffered citizenship-based discrimination in violation of the INA. (ECF No. 1 at ¶¶ 307-14, 321.) Before commencing a private action under the INA, a plaintiff must first send a charge to the Office of Special Counsel for Immigration-Related Unfair Employment Practices. 8 U.S.C. § 1324b(d)(2); *see, e.g.*, *Mayers v. Washington Adventist Hosp.*,

131 F. Supp. 2d 743, 746-47 (D. Md.), *aff'd*, 22 F. App'x 158 (4th Cir. 2001) ("[T]he IRCA requires a claimant to file a charge with the Office of Special Counsel for Immigration-Related Unfair Employment Practices before [pursuing] a private action against the employer.").[2] Here, Plaintiff does not allege that before filing this lawsuit, he sent a charge to the Office of Special Counsel. As a result, Plaintiff's claims under the INA are dismissed without prejudice.

    4. <u>Section 1981 Claim</u>

Section 1981 "forbids all racial discrimination in the making of private as well as public contracts." *Carter v. Bentley Motors, Inc.*, 489 F. Supp. 3d 316, 321 (D.N.J. 2020); *see Brown v. J. Kaz, Inc.*, 581 F.3d 175, 181-82 (3d Cir. 2009) ("[T]he substantive elements of a claim under section 1981 are generally identical to the elements of an employment discrimination claim under Title VII."). Here, Plaintiff cites § 1981 throughout his Complaint, without stating how the allegations form a basis for relief under the statute. In consequence, the Court cannot find that Plaintiff states a claim upon which relief may be granted under § 1981.

    5. <u>Section 1988 Claim</u>

Section 1988 does not by itself provide for a private cause of action. *Karupaiyan v. Singh*, 2022 WL 6634603, at *1 (3d Cir. Mar. 1, 2022), *cert. denied*, 143 S. Ct. 312 (2022) (citation omitted). Therefore, any independent claim under § 1988 is dismissed.

  C. **New Jersey Law Against Discrimination**

Under the NJLAD, as with the ADEA, a plaintiff must show that "(1) he belonged to a protected class; (2) the defendant failed to hire him; (3) he was qualified for the position in question; and (4) circumstances giving rise to an inference of discrimination accompanied the

---

[2]  Plaintiff was on notice of this requirement. *See Karupaiyan v. Wipro Ltd.*, Civ. No. 23-2005, 2023 WL 4896672, at *4 (D.N.J. July 31, 2023).

failure to hire him." *Landmesser v. Hazelton Area Sch. Dist.*, 574 F. App'x 188, 189 (3d Cir. 2014); *see Ebner v. STS Tire & Auto Ctr.*, Civ. No. 10-2241, 2011 WL 4020937, at *6 (D.N.J. Sept. 9, 2011) ("[T]he relevant legal principles governing the NJLAD and the ADEA are the same.").

For the same reasons that Plaintiff's ADEA claim may proceed, his NJLAD claim against Knipper Health may proceed past this stage. As to Laferrera, however, Plaintiff has not alleged the "aiding and abetting" necessary to hold an employee liable under NJLAD. *See DeSantis v. N.J. Transit*, 103 F. Supp. 3d 583, 591 (D.N.J. 2015) (listing the elements for liability as an aider and abettor under NJLAD). Therefore, Plaintiff's NJLAD claim against Laferrera is dismissed.

**D.   Other Statutory and Common-Law Claims**

Plaintiff brings a variety of other claims, which he labels as "Emotional distress (intentional)," "Payroll tax evasion/Money laundering," "Unjust enrichment," "Tax liabilities evaded," "Immigration fee evaded," "Labor certification fee evaded," and "[Governments'] property tax evaded." (ECF No. 1 ¶¶ 230-256 (Counts 11-17).) The Court addresses the common-law and statutory claims as they appear in the Complaint.

1.   <u>Intentional Infliction of Emotional Distress</u>

The Court construes Plaintiff's claim for "[e]motional distress (intentional)" as one for intentional infliction of emotional distress.

When a plaintiff asserts IIED and NJLAD claims based on the same facts, the NJLAD claim preempts the IIED claim. *See Maxson v. YRC Inc.*, Civ. No. 14-4653, 2015 WL 4394272, at *5 (D.N.J. July 16, 2015); *Gaines v. United Parcel Serv., Inc.*, Civ. No. 13-3709, 2014 WL 1450113, at *5-6 (D.N.J. Apr. 14, 2014) (collecting cases). Here, because Plaintiff relies on the same allegations for his emotional-distress claim as for his discrimination claims (paragraphs 45

8

and 46 of the Complaint) and has not attributed the asserted conduct to Laferrera, Plaintiff's emotional-distress claim cannot proceed.

2. Unjust Enrichment

Unjust enrichment imposes liability when a "defendant received a benefit" and the defendant's "retention of that benefit without payment would be unjust." *Read v. Profeta*, 397 F. Supp. 3d 597, 643 (D.N.J. 2019) (citing *VRG Corp. v. GKN Realty Corp.*, 641 A.2d 519 (N.J. 1994)). To state a claim for unjust enrichment, a plaintiff must show that "(1) at plaintiff's expense (2) defendant received benefit (3) under circumstances that would make it unjust for defendant to retain benefit without paying for it." *Read*, 397 F. Supp. 3d at 643 (citing *Arlandson v. Hartz Mt. Corp.*, 792 F. Supp. 2d 691, 711 (D.N.J. 2011)).

Plaintiff does not state a claim for unjust enrichment. For his claim, Plaintiff alleges that "Knipper CEO failed to hire me and outsource for his own pocket benefit and providing job to Indian national for his own pocket benefit is unjust enrichment." (ECF No. 1 ¶ 238.) This allegation, even taken with the rest of the complaint, does not cover the elements of an unjust enrichment claim. The unjust enrichment claim must therefore be dismissed.

3. Tax Evasion & Money Laundering Claims

Counts 12, 14, 15, 16, and 17 are based on accusations of tax evasion and money laundering under several statutes. (*See* ECF No. 1 ¶¶ 233-236, 241-256.) The Court will address each statute.

***Federal False Claims Act.*** The federal False Claims Act, 31 U.S.C. § 3729, *et al.*, "is an anti-fraud statute that imposes liability against any person who knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the government." *United States v. Kurlander*, 24 F. Supp. 3d 417, 421 (D.N.J. 2014). To plead an FCA claim, a plaintiff must establish that (1) the defendant presented or caused to be presented

to an agent of the United States, a claim for payment; (2) the claim was false or fraudulent; and (3) the defendant knew the claim was false or fraudulent. *Hutchins v. Wilentz, Goldman & Spitzer*, 253 F.3d 176, 182 (3d Cir. 2001). Plaintiff's Complaint does not mention the existence of a false claim, or that a false claim was submitted to any party, let alone to an agent of the United States. As a result, the federal FCA claim must be dismissed. *See Burns v. Cath. Health*, Civ. No. 16-1661, 2016 WL 1385676, at *2 (D.N.J. Apr. 7, 2016).

*New Jersey False Claims Act.* The New Jersey False Claims Act includes similar prohibitions as its federal counterpart. It imposes liability on a person who "[k]nowingly presents or causes to be presented to an employee, officer or agent of the State, or to any contractor, grantee, or other recipient of State funds, a false or fraudulent claim for payment or approval;" or "[k]nowingly makes, uses, or causes to be made or used a false record or statement to get a false or fraudulent claim paid or approved by the State." N.J. Stat. Ann. §§ 2A:32C-3(a), (b); *see Scibetta v. AcclaiMed Healthcare*, Civ. No. 16-02385, 2021 WL 5450296, at *6 (D.N.J. Nov. 22, 2021). Just as Plaintiff does not allege facts to support his federal FCA claim, he does not allege facts to support his NJFCA claim.

*Taxpayer First Act.* Section 7623 of the Internal Revenue Code provides a private right of action by an employee in response to employer retaliation against whistleblowers. *See* 26 U.S.C. § 7623(d) (allowing employees who face retaliation for providing information to the government concerning their employer's tax misconduct to first file a complaint with the Secretary of Labor and then to pursue a civil action if the Secretary does not issue a final decision in 180 days; completely silent on non-employees). But because Plaintiff does not allege that he has ever been retaliated against by either of the defendants for acting as a whistleblower or that he has

10

contacted the Secretary, he has no right of action under § 7623. *See Karupaiyan v. Wipro Ltd.*, Civ. No. 23-2005, 2023 WL 4896672, at *3 (D.N.J. July 31, 2023).

***Sarbanes-Oxley Act of 2002.*** Before filing a civil action in federal district court, a plaintiff asserting a violation of the Sarbanes-Oxley Act must first exhaust administrative remedies by filing a complaint with the Secretary of Labor. *See Digital Realty Tr., Inc. v. Somers*, 583 U.S. 149, 154 (2018) ("To recover under § 1514A, an aggrieved employee must exhaust administrative remedies by 'filing a complaint with the Secretary of Labor.'" (quoting 18 U.S.C. § 1514A(b)(1)(A))); *Jaludi v. Citigroup & Co.*, 57 F.4th 148, 152 (3d Cir. 2023) (noting as to § 1514A that "[a] party can sue in district court only *after* filing an administrative complaint"). Because Plaintiff does not allege that he exhausted these administrative remedies, his § 1514A claim cannot proceed here.

## IV.   CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed *in forma pauperis* is **GRANTED**, all of Plaintiff's claims against Laferrera are **DISMISSED** without prejudice, and all but Plaintiff's ADEA and NJLAD claims against Knipper Health are **DISMISSED** without prejudice.[3] An appropriate Order follows.

Dated: March 7, 2024

_____
GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE

---

[3]   This ruling has no bearing on any defenses that Defendants may assert, including that the Complaint fails to state a claim under Rule 12(b)(6).